UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CRAIG CUNNINGHAM,** **Plaintiff,** v. On Deck Capital, Inc., Enova International Inc., and John/Jane Does 1-5 **Defendant** | § § § § § 1:20-cv-10621-AJN § § § § |

**Plaintiff's Amended Complaint and Jury Demand**

**Parties**

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County.

2. On Deck Capital, Inc., is a New York corporation and can be served via secretary of State or as a Delaware entity can be served via registered agent: The corporation Trust Company, Corporation Trust Center, 1209 Orange St. Wilmington, DE 19801

3. Enova International is an Illinois corporation that is also a foreign entity in Texas and can be served via registered agent: CT Corporation System 208 So. La Salle St., ste 814, Chicago, IL 60604.

4. John/Jane Does 1- 5 are other liable parties currently unknown to the Plaintiff.

**JURISDICTION AND VENUE**

5. <u>Jurisdiction</u>.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal

statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

6. **Personal Jurisdiction.**  This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to consumers nationwide from this district and the defendant maintains bank accounts and a presence in this district.

7. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of the Defendant in this complaint.

8.  **Venue.**  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls originated from this district.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A]

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20.  Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21.  A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-

10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

22. This case relates to calls placed selling business funding services to the Plaintiff

### Calls/Text Messages to the Plaintiff

23. Mr. Cunningham received multiple calls, totalling over 53 calls to his cell phone by Defendant On Deck Capital. Plaintiff did not consent to these calls, nor were the calls related to any emergency purpose. Plaintiff was made aware of a class action lawsuit against On Deck Capital, which recently settled for over $3 million dollars, which involved calls to the Plaintiff (see Morgan v On Deck Capital, 3:17-cv-00045 (W.D Va.)). The Plaintiff has opted out of this class action resolution and hereby is prosecuting his claims independently.

24. These calls were initiated using an automated telephone dialing system and contained a pre-recorded message to the Plaintiff's cell phone 615-348-1977. Plaintiff is in the process of researching more details on the calls and obtaining the phone records that were already discovered in the Morgan TCPA case. These call records are already in the custody and control of the defendants and On Deck admits they placed calls to the

Plaintiff's cell phone from at least March 28th 2017 through May 3, 2017. Plaintiff alleges these calls were directed to the Plaintiff for the purpose of selling loan services or loan products offered by On Deck.

25. Enova International is buying all assets and liabilities of On Deck Capital as of October 2020, and as such is a liable party for the telemarketing violations caused by On Deck Capital.

26. These were willful and knowing violations of the TCPA as the Plaintiff had previously complained of unwanted telemarketing calls to On Deck and On Deck knew they lacked consent from the Plaintiff before placing each and every call.

27. Calls contained a pre-recorded message and was initiated using an automated telephone dialing system. The calls failed to properly identify themselves as being affiliated with the defendant in this case.

28. These calls were not related to any emergency purpose.

29. The Plaintiff never consented to recieving automated calls or calls with pre-recorded messages from any of the defendants or their agents.

30. Mr. Cunningham has a limited data plan. Incoming text messages chip away at his monthly allotment.

31. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from the defendants consumed part of this capacity.

32. No emergency necessitated the calls

33. Each call was sent by an ATDS.

**Knowing and Willful Violations of Telemarketing Regulations 47 USC 227(c)(5)**

**through violations of 47 CFR 64.1200(d)**

34. The defendant knew that he were engaging in an illegal robocalling campaign and contracted with an illegal telemarketing entity currently unknown to the Plaintiff.

35. The defendants took multiple actions to conceal their identity, which is indicative of knowledge that their actions were illegal and the willful nature of the violations. Furthermore, the defendants are required to affirmatively identify themselves when calling and failed to properly do so.

36. The Defendant did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

37. The Defendants did not maintain an internal do not call policy, which is an affirmative requirement of making telemarketing calls.

**INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS**

38. Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

39. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

40. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

41. Defendant's calls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

42. The Plaintiff has been harmed, injured, and damages by the calls including, but not limited to:

- Reduced Device Storage space
- Reduced data plan usage

- Invasion of privacy
- Lost time tending to text messages
- Decreased cell phone battery life
- More freqent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone
- Reduced battery usage
- Annoyance
- Frustruation
- Anger

### The Plaintiff's cell phone is a residential number

43. The statutory construction by the FCC defines a "residential number" as a:

    Residential subscriber refers to a subscriber to telephone exchange service that is not a business subscriber, per 47 CFR 64.2305(d). Since the Plaintiff maintains his cell phone number 615-348-1977 in his personal name and not in any business name, it is therefore a residential number.

44. The calls were to the Plaintiff's cellular phone 615-348-1977 which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business

purpose.

## I. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II.  SECOND CLAIM FOR RELIEF

## (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

## (Against All Defendants)

6. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a. a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1); [2]

   b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

   c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

10. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and the defendant's name in the solicitations (3) by placing calls to a number registered on the national do-not-call list.

## III. THIRD CLAIM FOR RELIEF

### (Violations of the Texas Business and Commerce Code 305.053

### (Against All Defendants)

11. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce code

   a. a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[5]

   b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[6] and,

   c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[7]

---

[5] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[6] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[7] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

13. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B) and 47 USC 227(b)

14. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5) and 47 USC 227(b)

15. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and the defendant's name in the solicitations (3) by placing calls to a number registered on the national do-not-call list.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $4500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individuals for 53 calls.

  E. An award to Mr. Cunningham of damages, as allowed by law under the TCPA;

  F. An award to Mr. Cunningham of interest, costs and attorneys' fees, as allowed by law and equity

  G. Such further relief as the Court deems necessary, just, and proper.

Craig Cunningham
Plaintiff,

/s/ Craig Cunningham

5/14/2021

Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075, 615-348-1977

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CRAIG CUNNINGHAM,** **Plaintiff,** v. On Deck Capital, Inc., Enova International Inc., and John/Jane Does 1-5 **Defendant** | § § § § § 1:20-cv-10621-AJN § § § § § |

**Plaintiff's Certificate of Service**

I hereby certify a true copy of the foregoing was mailed to the attorneys of record in this case.

*Craig Cunningham*
Plaintiff,

/s/ Craig Cunningham

5/14/2021

Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075, 615-348-1977

Case 1:20-cv-10621-AJN   Document 12   Filed 05/17/21   Page 15 of 15