UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Craig Cunningham,

              Plaintiff,

–v–

On Deck Capital, Inc. et al.,

              Defendants.

20-cv-10621 (AJN)

MEMORANDUM
OPINON & ORDER

ALISON J. NATHAN, District Judge:

    This action was filed on December 16, 2020. Defendants filed a motion to dismiss on February 26, 2020. Dkt. No. 5. After the Court extended the deadline to amend or oppose *sua sponte*, Dkt. No. 11, Plaintiff filed an amended complaint on May 17, 2021, Dkt. No. 12, which Defendants moved to dismiss on May 28, 2021, Dkt. No. 15. On June 25, 2021, Defendants filed a motion to deem their motion to dismissed unopposed. Dkt. No. 18. On June 28, 2021, the Court ordered Plaintiff to either respond to the motion to dismiss or file a letter indicating that no opposition would be filed by July 19, 2021. Dkt. No. 19. The Court advised Plaintiff that failure to comply with that order could result in the case being dismissed for failure to prosecute. *Id.* By September 3, 2021, Plaintiff had not filed any papers. Accordingly, Defendants filed a second motion to deem their motion to dismiss unopposed. Dkt. No. 20. The Court terminated that motion, extended Plaintiff's deadline to file an opposition to October 4, 2021, and advised Plaintiff "a final time that failure to comply with th[e] order may result in the case being dismissed for failure to prosecute." Dkt. No. 21. To date, Plaintiff has not responded or filed any papers.

    "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to

dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)).

Applying the five factors set forth in *Baptiste*, the Court concludes that dismissal under Rule 41(b) for failure to prosecute is warranted. First, Plaintiff has repeatedly failed to comply with the Court's orders despite numerous extensions. Second, Plaintiff received abundant notice of the potential for dismissal with prejudice. Plaintiff was "advised that failure to comply with this order may result in the case being dismissed for failure to prosecute." Dkt. No. 19. And he was further warned "a final time that failure to comply with this order may result in the case being dismissed for failure to prosecute." Dkt. No. 21. Third, there has been relatively little prejudice to Defendant by the ongoing delay in proceedings. *But see Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that prejudice may be presumed where delay is unreasonable). But even setting this factor aside, the remainder clearly favor dismissal. Under the fourth factor, this Court endeavors to resolve actions pending before it as quickly as possible and, consistent with the Civil Justice Reform Act, to move cases along efficiently. The Court has provided Plaintiff with multiple opportunities to be heard, but Plaintiff has not been communicative. As other courts have noted, "[i]t is not the function of this Court to chase

dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

Finally, the usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's orders given that Plaintiff has not responded to the Court's orders or otherwise communicated an intention to continue this case—even after the Court provided repeated, express warnings that Plaintiff faced dismissal. *See Melendez v. City of New York*, No. 12-cv-9241 (AJN), 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014).

The Court therefore dismisses this case with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close this case, to mail a copy of this Memorandum Opinion & Order to the *pro se* plaintiff, and to note that mailing on the docket.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: January 14, 2022
New York, New York

_____
ALISON J. NATHAN
United States District Judge

3